UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:14-CV-323-H

JILL THOMPSON                                                                           PLAINTIFF

V.

DAKKOTA INTEGRATED SYSTEMS and
TINA LEWIS                                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Jill Thompson's motion to remand her case to Kentucky state court. Plaintiff filed her action in Jefferson Circuit Court on April 17, 2013, alleging various state law claims against her former employer, Dakkota Integrated Systems ("Dakkota") and Tina Lewis, one of her former supervisors, in connection with her leg injury at work. These claims include workers' compensation retaliation, discriminatory and wrongful discharge on the basis of a disability, failure to accommodate, retaliation, and intentional infliction of emotional distress.

Almost one year later on April 17, 2014, Defendants removed the case to federal court on the basis of diversity jurisdiction. Plaintiff moves to remand on two grounds: (1) removal was not timely and (2) there is not complete diversity. In response, Defendants argue that removal was timely and that Tina Lewis was fraudulently joined in an attempt to avoid federal diversity jurisdiction. This exchange has exposed some interesting and difficult procedural questions concerning the timing of Defendants' removal.

For the reasons stated below, the Court will sustain Plaintiff's motion to remand.

I.

The relevant facts according to Plaintiff are these.

Plaintiff began working for Dakkota in 2009 as a production worker. In 2013, she sustained an on-the-job injury to her leg, which substantially limited her ability to work. After medical treatment, Plaintiff's physician released her to return to work. She attempted to pursue a workers' compensation claim in connection with her leg injury but was terminated before she could do so.

Subsequent to the injury, Dakkota regarded Plaintiff as disabled. Tina Lewis personally mocked her about her disability. Lewis called a meeting with her and threatened her job. Although Dakkota had accommodated other injured employees by giving them a variety of light duty work assignments, it did not accommodate Plaintiff.

Plaintiff complained to officials at Dakkota about Lewis's behavior, alleging discrimination, but no action was taken. After her complaints, Lewis terminated her, telling her that she was terminated because of her complaints about discrimination and because she was a union steward.

Plaintiff and Lewis are Kentucky residents. Dakkota is a Michigan corporation.

II.

The Court will first discuss the timeliness of Defendants' removal.

A defendant may remove a civil case to federal court if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a). Federal district courts have subject matter jurisdiction over causes of action arising under federal law, as well as over actions between parties that are citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Generally, a defendant must file a notice of removal within thirty days after receiving a copy of the initial pleading. 28 U.S.C. § 1446(b). If, however, "the case stated by the initial pleading is not removable," the defendant can remove within thirty days of the

receipt of a document "from which it may first be ascertained" that the case is removable. *Id.* For cases in which removal is sought based on diversity of citizenship, the time to remove is limited to one year after the commencement of the action, unless the court finds that the plaintiff has acted in bad faith to prevent removal. 28 U.S.C. § 1146(c).

"The removal statutes are strictly construed so that § 1446(b) commences the thirty-day period from the date that a defendant has solid and unambiguous information that a case is removable." *Mozee v. Dugger*, 616 F. Supp. 2d 672, 673 (W.D. Ky. 2009) (citing *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994); *see Holston v. Carolina Freight Carriers Corp.*, 936 F.2d 573, at *3 (6th Cir. 1991); *Broaddus v. Walmart Stores E., LP*, 3:13-CV-00832-H, 2013 WL 6511922, at *2 (W.D. Ky. Dec. 12, 2013). In *Peters v. Lincoln Electric Company*, the Sixth Circuit explained that the purpose of § 1446(b) is to "make sure that a defendant has an opportunity to assert the congressionally bestowed right to remove upon being given notice in the course of the case that the right exists." 285 F.3d 456, 466 (6th Cir. 2002) (quoting *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999)) (internal quotation marks omitted). "Unquestionably, information elicited during a deposition may serve that purpose." *Id.* The court further explained:

> "Holding that a plaintiff's deposition testimony may be an 'other paper' under § 1446(b) is consistent with the purpose of the removal statute to encourage prompt resort to federal court . . . ." [. . . W]e hold that if a defendant is able to ascertain for the first time from the plaintiff's deposition testimony that a case is removable, then a notice of removal is properly filed if it is filed within 30 days of that deposition.

*Id.* (quoting *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000)). The Sixth Circuit reiterated that the relevant date is the "date of [the] deposition." *Id.*

A.

Here, Plaintiff argues that Defendants untimely removed more than thirty days after the initiation of this action. However, Plaintiff did not specify the specific amount of damages she was seeking in her Complaint, pursuant to Kentucky Rule of Civil Procedure 8.01(2). It was not clear from the Complaint itself whether the amount in controversy did exceed the $75,000 jurisdictional floor. Not until Plaintiff's deposition on March 13, 2014 did Defendants clearly know that her damages could exceed $75,000.

Also at that deposition, Plaintiff's testimony revealed for the first time that Lewis had potentially been fraudulently joined to this action to avoid federal diversity jurisdiction. This, too, was not clear from the Complaint, which "'unambiguously' asserted claims against [a] non-diverse defendant[ ]." *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 950 (6th Cir. 2011).

Plaintiff does not contest that Defendants first learned this information during Plaintiff's deposition. Therefore, the initial thirty-day limit does not apply here.

B.

The only remaining question is whether Defendants' April 17 removal complied with the deadlines set forth in § 1446(b)(3). The date of the deposition was March 13, 2014. The date of removal was April 17, 2014, over thirty days after the deposition. Defendants' removal based upon the discovery of the amount in controversy is therefore untimely under § 28 U.S.C. § 1446.

The analysis under § 1446 is also logically applicable to Defendants' allegation of fraudulent joinder. The Sixth Circuit in *Walker v. Philip Morris USA* explained:

> [A defendant] could not divine that the case was removable based only on a complaint that 'unambiguously' asserted claims against non-diverse defendants. Section 1446(b) allows the filing of a notice of removal within 30 days after receipt of a document "*from which it may first be ascertained*" that the case is removable. Here, Defendants' basis for asserting fraudulent joinder was not

4

> ascertainable until receipt of co-Defendants' answers. Thus, Defendants' removal notice was timely filed [28 days after receipt of those answers].

443 F. App'x at 950 (emphasis in original) (citations omitted). Under this construction, Defendants should have removed within thirty days of Plaintiff's deposition, which put them on notice of potentially fraudulent joinder.

Because Defendants here did not timely remove the action, the Court need not analyze whether the fraudulent joinder doctrine applies.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is SUSTAINED and this case is REMANDED to Jefferson Circuit Court.

cc: Counsel of Record
      Jefferson Circuit Court